Borenstein, J.
Plaintiff brought suit against defendants for allegedly defamatory statements made about him in the book Trapped at Pearl Harbor {“Trapped!'). The book was written by defendant Young, originally published in hardcover by Naval Institute Press (“Naval”), and reprinted in paperback by Dell Publishing. Dell Publishing (hereafter “defendant”) has moved for summary judgment, asserting that plaintiff cannot show that defendant acted with the requisite fault necessary to prove a defamation claim. For reasons set forth more fully below, defendant’s motion for summary judgment is allowed.
BACKGROUND
I. Overview
Plaintiff entered the Naval Academy in 1937 as the result of a Texas congressman’s appointment. He became an officer, holding the rank of ensign, upon his graduation from Annapolis four years later. Plaintiff reported to Pearl Harbor for duty aboard the USS Oklahoma on March 12, 1941. As of December 7, 1941, plaintiff was second in command on Turret No. 4, which had a crew of 55 enlisted men; Ensign Rommel was in charge. Plaintiff had the authority to issue orders to all of the enlisted men under his command, and they were obligated to follow those orders at the risk of immediate disciplinary action. Defendant Young was one of the enlisted men under plaintiffs command.
When the Oklahoma came under fire on December 7, 1941, Rommel was absent from Turret No. 4.[2] Therefore, plaintiff, as he has acknowledged, was in command of Turret No. 4 during the events recounted in the allegedly defamatory passages of Trapped. In the book, Young claims that after the Oklahoma came under attack, plaintiff ordered the enlisted men, including Young, to remain below deck. According to Young, plaintiff then abandoned ship. Young and many other enlisted men were trapped in the sunken ship for twenty-three hours before being rescued. In *126 essence, Young claims that plaintiff placed his men in great peril and then left them to die. Such actions, if true, would have subjected plaintiff to strict, if not capital, punishment from the military.
II. Undisputed Facts Relevant to This Motion
Defendant is a publisher of paperback books. One of its associate editors, Edward McCarthy, was responsible for the acquisition of books for its Nonfiction War Series. McCarthy first learned of Trapped in 1991, shortly before it was published in hardcover by defendant Naval. He read the book soon after it was published in hardcover, recognized it as an account that would appeal to defendant’s readers, and recommended that defendant acquire the rights to reprint the book in paperback.
Defendant made an offer for the book to Naval; soon thereafter, a reprint agreement was reached. Defendant’s reprint of the book was published in November of 1992. The text and photographs in the reprint are identical to those of the hardcover. Before republishing Trapped, defendant did not independently fact-check the book or review the author’s sources. In its reprint contract with defendant, Naval warranted that Trapped did not “contain any unlawful matter” and “is not libelous and does not violate the privacy of any third party,” a warranty which was backed by the Naval Institute’s promise to indemnify Dell against any libel claims.
III. Procedural History
Simultaneously with this motion, the defendant moved for a determination that plaintiff be treated as a public official for purposes of this defamation action. The Court allowed defendant’s motion, and its reasoning was set forth in a written decision.
DISCUSSION
Summaiy judgment is appropriate where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summaiy judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
In Massachusetts, courts are encouraged to dispose of defamation cases at the summary judgment stage because of the potential “chill” which such lawsuits have on the exercise of First Amendment rights. King v. Globe Newspaper Co., 400 Mass. 705, 708 (1987). In cases where, as here, plaintiff is a public official, plaintiff must prove, by clear and convincing evidence, that the alleged defamatory material was published with “actual malice”; in defamation cases, actual malice is proved by showing that defendant published the defamatory falsehood “with knowledge that it was false or in reckless disregard of whether it was false.” New York Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964); Stone v. Essex Cty. Newspapers, Inc., 367 Mass. 849, 867 (1975). To make a showing of reckless disregard, “ ‘[t]here must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication.” ’ Stone, 367 Mass. at 867, quoting St. Amant v. Thompson, 390 U.S. 727, 730-31 (1968).
Plaintiff argues that whether defendant acted with reckless disregard for the truth is an issue for the jury.[3] However, mindful of the Supreme Judicial Court’s recommendation in King, and considering the undisputed facts in this case, the Court determines that the issue may properly be decided as a matter of law. By its own admission, defendant did not conduct an independent fact investigation of Trapped, nor did it verify Young’s sources. Instead, defendant did what it claims was customary in the publishing industry: it relied on Naval’s fact investigation. In the Court’s opinion, such evidence might support a claim that defendant was negligent; however, under no circumstances can these facts be relied upon to show that defendant acted with reckless disregard for the truth. The evidence relied on by plaintiff reinforces that conclusion.
First, plaintiff claims that defendant exhibited reckless disregard for the truth by not investigating the extent to which Naval fact-checked Young’s manuscript. Had defendant done so, plaintiff claims, it would have learned that Paul Wilderson, executive editor and manager of acquisitions of the Naval Institute Press, questioned whether certain passages of Trapped were defamatory. Instead of thoroughly investigating the suspected passages, Wilderson was only concerned with whether or not plaintiff was dead. However, even if plaintiff were ultimately to prove these alleged facts, they go to Naval’s fault, not defendant’s. Furthermore, the fact that defendant did not contact Naval, to learn of the potentially defamatory passages, sounds more in negligence than the deliberate, bad-faith acts or omissions required under the actual malice standard. See Stone, 367 Mass. at 867-68 (fact that information available would cause a reasonably prudent person to entertain serious doubts is insufficient to prove reckless disregard; rather, must be shown that such doubts were in fact entertained by the defendant).
Second, plaintiff makes much of the fact that McCarthy had no background or instruction regarding what constitutes libel, and was therefore ill-equipped to evaluate Trapped for potential libel. Again, these *127 acts sound more in negligence and there is no evidence to suggest that McCarthy, or anyone who worked for defendant, recklessly disregarded knowledge which indicated that the passages describing plaintiff might be defamatory.
Finally, it is significant that defendant republished a book that had originally been issued by a respected and reputable publishing house. Although the Court is unwilling to recognize a republisher’s “immunity” from defamation suits,[4] as urged by defendant, a republisher’s reliance on the fact investigation of another publisher is relevant to the issue of fault. In the case at bar, the Court determines that defendant’s complete reliance on Naval’s representations did not constitute reckless disregard.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Dell Publishing’s motion for summary judgment is ALLOWED.

 In fact, it was Rommel who announced the Japanese attack over the ship’s loudspeaker.

 Plaintiff apparently concedes that defendant did not act with knowledge that statements about him were allegedly false.

 See e.g. Davis v. Costa-Gavras, 595 F.Supp. 982, 987 (S.D.N.Y. 1984).